# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WENDELYN D. GOODRICH,**

        **Plaintiff,**

**-vs-**                      **Case No. 6:10-cv-1818-Orl-19DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO EAJA (Doc. No. 30)**
>
> **FILED:** April 27, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff's application for fees follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case for calculation of benefits (Doc. Nos. 25-27).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed;

the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $5,352.99, calculated at the rate of $175.05 per hour for 1.8 hours expended in 2010, and $180.57 per hour for 27.9 hours of work expended in 2011 and 2012 (factoring in the statutory rate of $125.00 per hour adjusted for cost of living increase, based on the applicable Consumer Price Index). *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). According to the motion, the Commissioner is not opposed to the hours or rate sought.

To the extent the motion seeks an award payable to Plaintiff's counsel pursuant to an agreement among counsel and a Retainer Agreement and assignment, under *Astrue v. Ratliff*, —U.S.–-, 130 S. Ct. 2521, 2523, 177 L.Ed. 2d 91 (2010), EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney. *See also Martin v. Astrue*, Case No. 3:08-cv-1013-J-TEM, 2010 WL 2639566, *2 (M.D. Fla. June 29, 2010) (observing that "*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice will in fact continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney"); *Whittemore v. Astrue*, No. 3:09-cv-1242-J-25MCR, 2011 WL 2144590, at *2 (M.D. Fla. May 31, 2011) (stating that the Supreme Court "implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney"). While the District Court could grant the request to "authorize payment to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe

a debt to the government," the undersigned finds such unnecessary as any arrangement between client and counsel is outside the purview of the judgment. The parties are free to agree among themselves as to payment, once judgment is entered.

Upon review of the supporting papers filed by Plaintiff and noting the Commissioner's consent, the Court finds that an award of $5,352.99 is appropriate under the EAJA. It is therefore **respectfully recommended** that the motion be **granted, and judgment in that amount be entered.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 30, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy